UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: AT&T INC. CUSTOMER DATA
SECURITY BREACH LITIGATION                                MDL No. 3114

CERTIFIED A TRUE COPY
KAREN MITCHELL, CLERK

Thomas Drew
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF TEXAS

TRANSFER ORDER

February 7, 2025

    **Before the Panel:**[*] Plaintiffs in the five actions on Schedule A assert claims concerning the data breach at issue in the above-captioned MDL alongside claims unrelated to the data breach.[1] Thus, on October 11, 2024, the Panel Clerk filed an order conditionally transferring the actions to MDL No. 3114 with simultaneous separation and remand of the non-data breach claims to the Southern District of Florida transferor court under Section 1407(a).[2]

    Plaintiffs in the actions on Schedule A move under Panel Rule 7.1 to vacate the conditional transfer order ("CTO"). Defendant AT&T Inc. opposes the motion and supports transfer as provided for in the CTO.

I.

    After considering the argument of counsel, we find that the actions involve common questions of fact with the actions transferred to MDL No. 3114, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order establishing this MDL, we held that centralization was warranted for actions concerning "an alleged data security breach announced by AT&T in March 2024 concerning the personal information of over 70 million former and current AT&T customers released on the dark web."[3] *See In re AT&T Inc. Customer Data Sec. Breach Litig.,* 737 F. Supp.

---

[*] Judge Matthew F. Kennelly and Judge David C. Norton did not participate in the decision of this matter.

[1] Plaintiffs' non-data breach claims assert that AT&T charges a "bogus" monthly administrative fee to wireless customers; AT&T unlawfully sells customer geolocation and other private data; and AT&T "unlimited data plans" are limited by data "throttling" practices.

[2] *See In re AT&T Inc. Customer Data Sec. Breach Litig.*, MDL No. 3114, ECF No. 259, Conditional Transfer Order (CTO-11) and Simultaneous Separation and Remand of Certain Claims (J.P.M.L. Oct. 10, 2024).

[3] The personal information allegedly compromised by the breach was from a 2019 data set and included customer names, addresses, phone numbers, social security numbers, dates of birth,

Case 0:24-cv-61737-DSL   Document 26   Entered on FLSD Docket 02/07/2025   Page 2 of 4
Case 3:24-md-03114-E   Document 41   Filed 02/07/25   Page 2 of 4   PageID 276

-2-

3d 1350, 1351-52 (J.P.M.L. June 5, 2024).  The actions on Schedule A concern the AT&T data breach announced in March 2024 and share common factual questions with the actions in the MDL.

In opposition to transfer, plaintiffs principally argue that federal subject matter jurisdiction is lacking and that transfer is improper while their motions for remand to state court are pending. We are not persuaded by this argument.  We have held that such jurisdictional objections generally do not present an impediment to transfer, including in this MDL. *See In re AT&T Inc. Customer Data Sec. Breach Litig.*, MDL No. 3114, Transfer Order at 2 (J.P.M.L. Oct. 4, 2024) (explaining that "'remand motions can be presented to and decided by the transferee judge'") (quoting *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001)); *accord In re Insulin Pricing Litig.*, 709 F. Supp. 3d 1384, 1389 (J.P.M.L. 2023) ("a pending motion for remand to state court is not an impediment to transfer as the parties can present such arguments to the transferee court").  "This is so even where, as here, plaintiffs assert that the removals were patently improper."  *In re Ford Motor Co. DPS6 PowerShift Transmission Prods. Liab. Litig.*, 289 F. Supp. 3d 1350, 1352 (J.P.M.L. 2018).

Plaintiffs also seek an order from the Panel remanding their actions to state court. The Panel does not have the authority to order remand of actions to state court.  *See id*. at 1352 ("Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case, including issues relating to a motion to remand.").

II.

We pause at this juncture to observe that these actions have given us occasion to further consider whether our practice in this MDL of ordering transfer with simultaneous separation and remand under Section 1407(a) as to non-data breach claims will serve the just and efficient conduct of the litigation.[4]  None of the parties have addressed this issue, but in the course of reviewing the history of these and the previously-transferred actions, we see that there is the potential for confusion and inefficiency when, as here, splitting the action between the transferee and transferor districts may result in two courts ruling on the issues bearing on remand to state court.  We also are concerned that the parties are not making efforts to ensure that proceedings on these jurisdictional issues are being coordinated between the courts.  Thus, on this record, we are not inclined to order simultaneous separation and remand under Section 1407(a) to split the data breach and non-data breach claims in a single action between the transferee court and transferor court.  We believe the just and efficient conduct of the litigation is better served by transferring the entire action.

The involvement of individualized, case-specific issues in these actions does not negate the benefits of transferring all claims in the actions.  The transferee judge can address the non-data

---

AT&T account numbers, and passcodes.  *See In re AT&T Inc. Customer Data Sec. Breach Litig.*, 2024 WL 2884429, at *1 n.2.

[4] In October 2024, we transferred four other Southern District of Florida actions to MDL No. 3114 with simultaneous separation and remand of non-data breach claims.  *See In re AT&T Inc. Customer Data Sec. Breach Litig.*, MDL No. 3114, Transfer Order at 1-2 & n.1 (J.P.M.L Oct. 4, 2024) (transferring *Quick, Surowiec, Varela,* and *Young* to MDL No. 3115 with simultaneous separation and remand of administrative fee claims to the transferor court).

Case 0:24-cv-61737-DSL   Document 26   Entered on FLSD Docket 02/07/2025   Page 3 of 4
Case 3:24-md-03114-E   Document 41   Filed 02/07/25   Page 3 of 4   PageID 277

-3-

breach issues raised by plaintiffs using separate discovery or motion tracks to the extent necessary. *See In re Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, 637 F. Supp. 3d 1377, 1378 (J.P.M.L. 2022).

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of Texas and, with the consent of that court, assigned to the Honorable Ada E. Brown for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that the portion of CTO-11 providing for simultaneous separation and remand of the non-data breach claims is VACATED.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton     Roger T. Benitez
Dale A. Kimball         Madeline Cox Arleo

IN RE: AT&T INC. CUSTOMER DATA  
SECURITY BREACH LITIGATION                                           MDL No. 3114

## SCHEDULE A

<u>Southern District of Florida</u>

SIMON v. AT&T MOBILITY LLC, C.A. No. 0:24−61737  
SIMPLY180, INC. v. AT&T MOBILITY LLC, C.A. No. 0:24−61743  
BRAVERMAN v. AT&T MOBILITY LLC, C.A. No. 1:24−23685  
VAN TEEFFELEN v. AT&T MOBILITY LLC, C.A. No. 1:24−23776  
BORNSTEIN v. AT&T MOBILITY LLC, C.A. No. 9:24−81225